## S89A0011. MURPHY v. THE STATE.
(383 SE2d 112)

BELL, Justice.

The appellant, James Lloyd Murphy, appeals from his convictions of malice murder and of the possession of a firearm during the commission of a crime. The trial court sentenced Murphy to life imprisonment for murder and to a consecutive five years in prison for the firearm count.[1] We affirm.

On October 7, 1988, Murphy and the victim, Eugene Hall, were drinking at a bar with friends. Hall became belligerent toward everyone at the table, particularly Murphy. Murphy then left the bar and went outside to the parking lot, where he stopped to talk with a friend. Hall came outside, approached Murphy, and punched Murphy in the mouth, knocking him unconscious. When Murphy awoke, he and a friend, Ricky Holt, left in Murphy's car, with Holt driving. After they had driven around a few minutes, Murphy had Holt stop the car. Murphy then took the keys, opened his trunk, took a shotgun out, and loaded it. Murphy told Holt he wanted to find out why Hall had "sucker punched" him. They then rode back to the bar, but Hall was not there. Murphy and Holt then drove to a different bar, where they saw Hall in the parking lot. Murphy asked Hall to come over to the car, and Hall complied. When Hall reached the car, Murphy shot him with the shotgun.

According to Murphy's and Holt's testimony, Hall had cursed as he walked over to the car, and had reached around to his back pocket as he got to the car. Murphy testified that he thought Hall was reaching for a gun, and that he shot Hall in self-defense. However, although evidence was introduced at trial that Hall had a reputation for carrying a gun in his back pocket, no weapon was found on or around Hall at the scene. Moreover, in a statement made to the police later that night, Murphy admitted calling the victim over to the car and shooting him, but he failed to say that Hall was reaching for his back pocket or that he shot Hall in self-defense.

The trial court charged the jury, among other things, on malice murder, voluntary manslaughter, and self-defense. As noted previously, the jury found Murphy guilty of malice murder.

In his sole enumeration of error, Murphy contends that the evidence is insufficient to support his conviction of malice murder. However, reviewing the evidence in the light most favorable to the prose-

---

[1] The crimes occurred on October 7, 1988. Murphy was indicted on January 5, 1989. The jury returned its verdict of guilty on February 15, 1989, and the trial court sentenced Murphy on that same day. Murphy filed a motion for new trial on March 9, and the trial court denied the motion on March 21. Murphy filed his notice of appeal on April 20, and the court reporter certified the transcript on May 1, 1989. The case was docketed in this court on May 16, and was submitted for decision on briefs on June 30, 1989.

cution, we conclude that the evidence is sufficient to support Murphy's conviction, in that a rational trier of fact could have found Murphy guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1989.

*Short & Fowler, Larkin M. Fowler, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.